IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MILTON GIBSON

VS.  CIVIL ACTION NO. 1:08CV241-SA-DAS

MICHAEL J. ASTRUE
Commissioner of Social Security

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the plaintiff's application for disability insurance benefits. The parties have not consented to have a United States Magistrate Judge conduct all proceedings, and thus, the court respectfully recommends the following:

Before the commissioner filed his answer in this case, the Appeals Council of the Social Security Administration discovered that the recording of the hearing held on April 15, 2008 could not be located. Upon receipt of the court order, the Appeals Council will continue to search for the missing recording. If the recording cannot be located in a reasonable period of time, the Appeals Council will remand the case for a *de novo* hearing.

The joint conference committee of Congress reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties, such as inaudible hearing tape or a lost file, necessitate a request for remand by the commissioner. The intent of the committee was that such procedural defects be considered "good cause" for remand. The committee explained:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be

> transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record.

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Therefore, remand under sentence six of 42 U.S.C. § 405(g) is appropriate on motion of the commissioner for good cause shown and before the commissioner files his answer. Accordingly, the court recommends that this action be remanded to the commissioner pursuant to sentence six of 42 U.S.C. § 405(g). The court also recommends that, pursuant to the Supreme Court's decisions in *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) and *Shalala v. Schaefer*, 509 U.S. 292 (1993), the court retain jurisdiction of the case and not enter a final judgment until after post-remand proceedings are completed, and the commissioner has filed with the court any such additional and modified findings of fact and decision.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 9th day of April 2009.

    /s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE